UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X    **NOT FOR PUBLICATION**

SHAWNNEKA T. WATKINS,

                      Plaintiff,        **MEMORANDUM & ORDER**
-against-                                  16-CV-7083 (WFK) (RML)

THE CITY OF NEW YORK, COMMISSION
ON HUMAN RIGHTS, AHRC OF NEW YORK
CITY, SUPREME COURT JUDGE CARL
LANDICINO, NEW YORK CITY HOUSING
AUTHORITY,

                      Defendants.[1]
------------------------------------------------------------X
WILLIAM F. KUNTZ, II, United States District Judge:

On December 21, 2016, plaintiff Shawnneka T. Watkins ("plaintiff" or Watkins), appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff seeks unspecified damages and injunctive relief. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order. The papers attached to the complaint indicate that on December 6, 2016, Watkins was appointed a guardian *ad litem* by Housing Court Judge Daniele Chinea and that the housing court proceeding was adjourned until January 23, 2017 to allow the guardian to appear for plaintiff. *See* Compl., Doc. 1-2 at ECF p. 31, Decision and Order, Index Number 15263/16 of the Civil Court of the City of New York, County of Kings. Accordingly, this Court cannot reach the merits of plaintiff's claims because, as an incompetent person, she cannot pursue them on her own behalf. Fed. R. Civ. P. 17(c); *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009); *see also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).

---

[1] The caption includes additional defendants named in the complaint. *See* Compl. at p. 2-3.

If plaintiff's guardian *ad litem* wishes to pursue this action on her behalf, the guardian *ad litem* must file suit within 30 days from the date of this Order or the action will be dismissed without prejudice.² *See Berrios*, 564 F.3d at 135. The Clerk of Court is directed to send a copy of this Order to plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: J~~anuary~~ Feb, 2, 2017
Brooklyn, New York

---

² The Court notes that as currently presented it does not have subject matter jurisdiction over plaintiff's claims concerning her housing and prior employment. *Southerland v. NYCHA*, No. 10-CV-5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (finding no subject matter jurisdiction over claims arising from plaintiff's disputes with his landlord and an eviction proceeding); *Tubbs v. N.Y.C. Park's Dep't*, No. 12-CV-3322, 2012 WL 4838439, at *1 (E.D.N.Y. Oct. 10, 2012) (finding that employment discrimination based on prior conviction record not a basis for Title VII claim).